Case 6:18-cv-00062-NKM-RSB  Document 15  Filed 07/29/19  Page 1 of 9
Pageid#: 534

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
7/29/2019
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| MARTIN S.,[1] | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 6:18-CV-62 |
| | ) |
| NANCY A. BERRYHILL, | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff Martin S. ("Martin") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled and therefore not eligible for disability insurance benefits ("DIB") under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433. Specifically, Martin alleges that the ALJ erred by finding that his past work from 2012 to 2014 constituted substantial gainful activity and erred by finding that he can perform a range of light work. I agree that the ALJ erred in his substantial gainful activity analysis, and thus, the decision is not supported by substantial evidence. Accordingly, I **RECOMMEND GRANTING** Martin's Motion for Summary Judgment (Dkt. No.11), **DENYING** the Commissioner's Motion for Summary Judgment (Dkt. No. 13) and remanding this matter for additional consideration consistent with this report and recommendation.

---

[1] Due to privacy concerns, I am adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts use only the first name and last initial of the claimant in social security opinions.

## STANDARD OF REVIEW

This Court limits its review to a determination of whether substantial evidence supports the Commissioner's conclusion that Martin failed to demonstrate that he was disabled under the Act.[2] Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## CLAIM HISTORY

Martin filed for DIB on March 31, 2015, claiming that his disability began on October 24, 2014. R. 139–43. The Commissioner denied the application at the initial and reconsideration levels of administrative review. R. 53–70. On January 27, 2017, ALJ H. Munday held a hearing to consider Martin's disability claim. R. 26–52. Martin was represented by an attorney at the hearing, which included testimony from Martin and vocational expert Jan Howard Reed. Id.

On June 20, 2017, the ALJ entered his decision analyzing Martin's claim under the familiar five-step process,[3] and denying Martin's claim for benefits. R. 12–21. The ALJ found

---

[2] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. See 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

[3] The five-step process to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of

2

that Martin suffered from the severe impairments of obesity, osteoarthritis of the left knee, and degenerative disc disease status-post lumbar surgery (2007) with post-laminectomy syndrome. R. 14. The ALJ found that these impairments did not meet or medically equal a listed impairment. R. 15.  The ALJ further found that Martin had the residual functional capacity ("RFC") to perform light work; and specifically, can occasionally lift or carry no more than 20 pounds at a time, frequently lift or carry objects weighing up to 10 pounds; stand or walk about 6 hours in an 8 hour workday; sit about 6 hours in an 8 hour workday; frequently balance, stoop, kneel, crouch, crawl and climb. R. 16. The ALJ determined that the work Martin performed from 2012 to 2014 as a soil conservation technician was past relevant work, and that because Martin could perform this work, he was not disabled.  R. 20.

Martin requested that the Appeals Council review the ALJ's decision. On March 27, 2018, the Appeals Council denied Martin's request for review. R. 1–5.  This appeal followed.

## ANALYSIS

### Substantial Gainful Activity

At Step 5 of the sequential analysis, the ALJ determined that Martin's part-time employment as a soil conservation specialist exceeded the substantial gainful activity ("SGA") limits, and therefore, was considered past relevant work.[4] The ALJ also found that Martin had the RFC to perform his past work as a soil conservation specialist. Martin contends that the ALJ erred by finding that his part-time work from 2012 to 2014 constituted substantial gainful

---

proof at steps one through four to establish a prima facie case for disability.  The burden shifts to the Commissioner at the fifth step to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies.  42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

[4] Past relevant work is "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1).

activity ("SGA"). Thus, any finding that he was not disabled because he could perform this work – below the substantial gainful activity level – was likewise error.

Under the social security regulations, earnings derived from work activity are generally the primary consideration in determining whether a claimant engaged in SGA. See 20 C.F.R. § 404.1574(a)(1). To assist in this analysis, the regulations contain earnings guidelines that establish an average monthly earnings amount that is considered SGA for each year. Id. If a claimant's earnings exceed the guidelines set forth in the regulations, a presumption arises that the claimant engaged in SGA. See 20 C.F.R. § 404.1574(b)(2); Payne v. Sullivan, 946 F.2d 1081, 1083 (4th Cir. 1991); Sprouse v. Astrue, No. 5:10CV00113, 2011 WL 2441263, at *2 (W.D. Va. June 13, 2011). Work may be substantial "even if it is done on a part-time basis." 20 C.F.R. § 404.1572(a). The presumption of substantial gainful activity "may be rebutted" and "is not to be rigidly applied." Payne, 946 F.2d at 1083; Sprouse, 2011 WL 2441263, at *2. If, however, a claimant's "average monthly earnings are equal to or less than the amount(s) determined under paragraph (b)(2) of this section for the year(s) in which you work, [the SSA] will generally consider that the earnings from your work as an employee…will show that you have ***not*** engaged in substantial gainful activity." 20 C.F.R. § 404.1574(b)(3) (emphasis added).

To qualify at the SGA level in 2012, 2013 and 2014, the years at issue here, Martin's monthly earnings must have averaged more than $1,010, $1040, and $1070, respectively.[6] To calculate SGA, "[e]arnings are generally averaged over the actual period of time in which work was performed."[7] SSR 83-35, 1983 WL 31257 (S.S.A. 1983).[8] At step 2 of the decision, the ALJ

---

[6] See "Tables of SGA Earnings Guidelines and Effective Dates Based on Year of Work Activity," available at: https://secure.ssa.gov/apps10/poms.nsf/lnx/0410501015 (last visited on June 3, 2019).

[7] If a claimant had a significant change in work pattern or earnings during the relevant period, the regulations provide that the SSA will average a claimant's earnings over each separate period of work to determine if any of the claimant's work efforts were substantial gainful activity. 20 C.F.R. § 404.1574a(c). Martin does not assert that he had a significant change in his work pattern or earnings between 2012 and 2014.

4

found that Martin had not engaged in SGA after October 25, 2014, the alleged disability onset date. R. 14. The ALJ noted that Martin earned $423 in the fourth quarter of 2014 and unemployment benefits in 2014 and 2015 that did not rise to the level of SGA. Id.

The ALJ determined at step 5 of the decision that Martin's previous work as a soil conservation technician between 2012 and 2014 met the SGA threshold and met the other factors required to qualify as past relevant work. The ALJ stated, "[o]f note, while the claimant worked part-time at this job, it exceeded substantial gainful activity limits and was considered relevant work." R. 20. In support, the ALJ referenced the Commissioner's initial determination, as follows: "Soil technician- 8 hours x 3 days per week x $13.41= 321.84 x 4.333 = 1394.53– although this job was part time, it exceeds SGA limits and is considered relevant." R. 68. There is no indication that the ALJ relied upon or considered Martin's actual earnings from 2012 through 2014 in the SGA calculation. Rather, the ALJ referenced only the Commissioner's calculation, which assumes work of 8 hours a day, three days a week at $13.41 an hour. Martin testified at the administrative hearing that the position was part-time for two or three days per week. See R. 32 ("That was part-time and it was a two year program and I used two to three days a week.") Martin listed his pay rate for the position as $13.41 on his application for benefits. R. 159.

Martin's work history report and earnings report, both found in the record, reflect that he worked as a soil conservation technician from October 2012 through September 2014 and earned $1,602.50 in 2012; $10,882.25 in 2013; and $10,585.66 in 2014. R. 150, 167. Martin's monthly

---

[8] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." Pass v. Chater, 65 F.3d 1200, 1204 n.3 (4th Cir. 1995).

5

earnings, when averaged over the months he worked during 2012 – 2014, translate into $534.17 (for 3 months in 2012), $906.86 (for 12 months in 2013) and $1,176.18 (for 9 months in 2014), respectively.[9] The amounts for 2012 and 2013 are below the required levels for SGA. Martin's 2014 monthly earnings are $100 over the SGA amount. Thus, Martin asserts that the ALJ erred by concluding that his work as a soil technician was at the SGA level and qualified as past relevant work.

As noted above, the ALJ determined that Martin's earnings from 2012 to 2014 met the SGA levels by relying upon the Commissioner's calculation of "Soil technician - 8 hours x 3 days per week x $13.41= 321.84 x 4.333= 1394.53" (R. 68), rather than Martin's actual earnings during that period. The amounts Martin earned were less than the amounts calculated based upon his pay rate by the Commissioner at the initial review. The SSA regulations are clear that the SGA analysis is based upon amounts earned by a claimant, rather than an approximation by the Commissioner. See 20 C.F.R. § 404.1574(a)(2) (the SSA will "consider only the amounts you earn"); SSR 83-33, 1983 WL 31255 (S.S.A. 1983) ("Evaluation of work activity for SGA purposes is concerned with only those earnings which represent a person's own productivity.").

The Commissioner argues that the ALJ did not err by finding that Martin's past work was performed at the SGA level because Martin's earnings qualify as SGA when they are "adjusted to reflect full-time work." Comm'r Br. Summ. J. p. 7. The Commissioner asserts that the SSA may extrapolate Martin's earnings of $13.41 per hour for his part-time work into a full-time position of 40 hours a week for 4 weeks a month, which would meet the SGA level. Id. The Commissioner's argument is contradicted by the regulations, which state that SGA should be calculated based on the amounts a claimant earned. See 20 C.F.R. § 404.1574(a)(2); SSR 83-33.

---

[9] The regulations provide that the SSA will average a claimant's monthly earnings level separately for each period in which a different substantial gainful activity earnings level applies. 20 C.F.R. § 404.1574a(b).

6

Here, Martin did not work 40 hours a week, 4 weeks per month from 2012 through 2014, thus, Martin did not earn $13.41 per hour for a full-time job. Martin's soil technician position was part-time and his earnings, found in the earnings report in the record, reflect what he was paid during that period. R. 150.

The Commissioner advanced a similar argument in Pittman v. Astrue, stating "had Claimant 'chosen to make his security job his full-time job, his earnings for that job would have individually exceeded SGA levels.'" No. 5:08cv83-FL, 2008 WL 4594574, at *7 (E.D.N.C. Oct. 10, 2008). The court was not persuaded by this approach, stating, "this Court can find no authority, and Defendant cites none, for the proposition that an ALJ may extrapolate a claimant's hourly wage for part-time work into a corresponding full-time job for purposes of deeming a part-time job as past relevant work." Id. at *8. Likewise, here the Commissioner provided no authority to support this position and it is contradicted by a plain reading of the regulations. Furthermore, the ALJ did not adjust Martin's earnings to full-time work, as the Commissioner asserts would be proper. See R. 20. Rather, the ALJ relied upon the assumption by the Commissioner at the initial level of administrative review that Martin worked three days a week at $13.41 per hour.

It is unclear why the ALJ relied upon the Commissioner's calculation, rather than the earnings statements in the record, to determine if Martin's past work constituted SGA. Martin's actual earnings records reflect that he earned less than SGA level for years 2012 and 2013, and slightly over SGA for nine months in 2014. Because the ALJ did not perform these calculations, he did not discuss whether his finding that Martin's past work constituted SGA was based on Martin's monthly earnings levels for 2014, rather than the non-qualifying earnings levels of 2012 and 2013. The ALJ further did not discuss the other factors required by 20 C.F.R. § 404.1573,

7

including the "nature of the work, how well the claimant performs, whether the claimant is self-employed, and the time spent in work." Payne, 946 F.2d at 1083. The ALJ recognized that Martin performed the work part-time, but there is no indication that he specifically considered whether Martin's limited work schedule rebutted the presumption of SGA for the nine months in 2014 that his earnings were over the SGA levels. See Garnett v. Sullivan, 905 F.2d 778, 779–80 (4th Cir. 1990); Sprouse, 2011 WL 2441263, at *2.

The ALJ relied upon an incorrect calculation to determine Martin's earning levels for 2012 through 2014. By the court's calculation, Martin earned less than SGA levels for 2012 and 2013 and earned slightly more than the SGA levels for a period of 2014. However, the ALJ did not perform this calculation or provide the additional analysis that such calculation would prompt. The ALJ relied entirely upon a finding that Martin's previous work as a soil conservation technician was past relevant work to conclude that he can perform work in the national economy. R. 20. The ALJ did not identify any other representative jobs that Martin could perform at step 5 of the decision. Accordingly, the court is unable to conclude that the ALJ's decision at step 5 is supported by substantial evidence and remand is appropriate.

## RECOMMENDED DISPOSITION

For the foregoing reasons, I recommend **DENYING** the Commissioner's motion for summary judgment, **GRANTING in part** Martin's motion for summary judgment, and **REVERSING** and **REMANDING** this matter under sentence four of 42 U.S.C. § 405(g).

The Clerk is directed to transmit the record in this case to Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days

hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection, including a waiver of the right to appeal.

Entered: July 29, 2019

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge